
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Calvin Johnson,<br><br>  Plaintiff,<br><br>v.<br><br>Allied Business Services, Inc.,<br>d/b/a Allied Collection Service,<br>a Michigan corporation,<br><br>  Defendant. | Case No. 1:10-cv-3<br><br>Hon. Robert J. Jonker |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT**

### I. Introduction

1. **Plaintiff's Allegation:** This is an action for damages and equitable relief, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et. seq.*

   **Defendant's Answer:** Admitted.

### II. Jurisdiction

2. **Plaintiff's Allegation:** This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

   **Defendant's Answer:** Admitted.

1

### III. Parties

3. **Plaintiff's Allegation:** Plaintiff Calvin Johnson is a natural person residing in Kent County, Michigan. Mr. Johnson is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Johnson is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

   **Defendant's Answer:** Admitted.

4. **Plaintiff's Allegation:** Defendant Allied Business Services, Inc. ("Allied") is a Michigan corporation, doing business at 400 Allied Court, Zeeland, Michigan 49464. Allied does business under the registered assumed name of Allied Collection Service. The registered agent for Allied in Michigan is Scott Prince, 400 Allied Court, Zeeland, Michigan 49464. Allied uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Allied regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Allied is a "debt collector" as the term is defined and/or used in the FDCPA. Allied is licensed (No. 2401000882) by the State of Michigan to collect debts in Michigan. Allied is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

   **Defendant's Answer:** Admitted.

### IV. Facts

5. **Plaintiff's Allegation:** Mr. Johnson obtained on credit from Spectrum Health and/or Spectrum Health Medicare ("Spectrum"), goods and/or services for personal, family and/or household purposes. Any resulting obligation to pay money was a "debt" as

2

the term is defined and/or used in the FDCPA and MOC.

**Defendant's Answer:** Admitted.

6. **Plaintiff's Allegation:** Mr. Johnson had a dispute with Spectrum regarding the alleged debt.

    **Defendant's Answer:** Denied as untrue. At one point in time, Plaintiff agreed to pay said debt. With respect to the Plaintiff's allegation that he now disputes the debt, Plaintiff is left to his strictest proofs.

7. **Plaintiff's Allegation:** Mr. Johnson continues to dispute the alleged debt.

    **Defendant's Answer:** Admitted that, as of December 21, 2009, Plaintiff disputed the debt. To the extent Plaintiff is alleging he continues to dispute the debt, Plaintiff is left to his strictest proofs.

8. **Plaintiff's Allegation:** Apparently, Spectrum hired Allied to collect the alleged debt from Mr. Johnson.

    **Defendant's Answer:** Admitted.

9. **Plaintiff's Allegation:** On or about December 21, 2009, Mr. Johnson spoke by telephone with an Allied employee identified as "Candy." The Allied employee stated that Spectrum had placed five accounts with Allied for collection, totaling $593.15. Mr. Johnson stated that he was under the belief that all or part of the alleged account balances were to have been paid by insurance or by assistance. The Allied employee stated that Allied on a monthly basis reported derogatory information to the credit bureaus regarding the accounts it was attempting to collect. The Allied employee stated that Allied's reporting of the accounts was harming Mr.

Johnson's credit. Mr. Johnson repeatedly stated that he disputed the debts. Mr. Johnson instructed the Allied employee to communicate his dispute to the credit bureaus the next time Allied made its monthly reporting to the credit bureaus. Hearing that, the Allied employee repeatedly stated that Mr. Johnson's oral dispute was not valid. The Allied employee repeatedly stated that Allied would communicate Mr. Johnson's dispute, only if Mr. Johnson provided Allied with a written dispute.

**Defendant's Answer:** Admitted that on or about December 21, 2009, Mr. Johnson spoke by telephone with an Allied employee identified as "Candy." Admitted that he Allied employee stated that Spectrum had placed five accounts with Allied for collection, totaling $593.15. Denied as untrue Mr. Johnson stated that he was under the belief that all or part of the alleged account balances were to have been paid by insurance or by assistance. Admitted that the Allied employee stated that Allied on a monthly basis reported derogatory information to the credit bureaus regarding the accounts it was attempting to collect as it does in the normal course of its business. Denied as untrue that the Allied employee stated that Allied's reporting of the accounts was harming Mr. Johnson's credit. Denied as untrue that Mr. Johnson twice stated that he disputed the debts. Denied as untrue that that Mr. Johnson instructed the Allied employee to communicate his dispute to the credit bureaus the next time Allied made its monthly reporting to the credit bureaus. However, Allied did, in fact, communicate Plaintiff's dispute to the credit bureaus the next time it made its monthly reporting. Denied that the Allied employee repeatedly stated that Mr.

4

Johnson's oral dispute was not valid as the Allied Employee did not make any judgment as to the validity of Plaintiff's oral dispute. Admitted that the Allied employee made a *bona fide* error by repeatedly and mistakenly stating that Allied would communicate Mr. Johnson's dispute only if Mr. Johnson provided Allied with a written dispute.

10. **Plaintiff's Allegation:** Allied and its employee made false representations regarding Mr. Johnson's rights to dispute the accounts and related debt.

    **Defendant's Answer:** Admitted that the Allied employee made a *bona fide* error in mistakenly telling the Plaintiff that he needed to put his dispute in writing. To the extent that Plaintiff is alleging deliberate dishonesty on the part of Allied's employee, the same is denied as untrue and Plaintiff is left to his strictest proofs.

11. **Plaintiff's Allegation:** The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for

dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998).

**Defendant's Answer:** The foregoing allegation contains conclusions of law and this Defendant is not obligated to respond thereto.

12. **Plaintiff's Allegation:** The Allied employee falsely represented that Mr. Johnson could not dispute the debt unless he put his dispute in writing.

    **Defendant's Answer:** Admitted that the Allied employee made a *bona fide* error in mistakenly telling the Plaintiff that he needed to put his dispute in writing. To the extent that Plaintiff is alleging deliberate dishonesty on the part of Allied's employee, the same is denied as untrue and Plaintiff is left to his strictest proofs.

13. **Plaintiff's Allegation:** The Allied employee falsely represented that Mr. Johnson could not dispute the debt orally.

    **Defendant's Answer:** Admitted that the Allied employee made a *bona fide* error in mistakenly telling the Plaintiff that he needed to put his dispute in writing. To the extent that Plaintiff is alleging deliberate dishonesty on the part of Allied's employee, the same is denied as untrue and Plaintiff is left to his strictest proofs.

14. **Plaintiff's Allegation:** The Allied employee falsely represented that Mr. Johnson could not dispute the debt over the phone.

    **Defendant's Answer:** Admitted that the Allied employee made a *bona fide* error in mistakenly telling the Plaintiff that he needed to put his dispute in writing. To the extent that Plaintiff is alleging deliberate dishonesty on the part of Allied's employee, the same is denied as untrue and Plaintiff is left to his strictest proofs.

15. **Plaintiff's Allegation:** The FDCPA prohibits a debt collector from doing the following: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

    **Defendant's Answer:** The foregoing allegation contains conclusions of law and this Defendant is not obligated to respond thereto. To the extent Plaintiff is alleging Defendant violated the section of the FDCPA mentioned, the same is specifically denied as untrue and Plaintiff is left to his strictest proofs.

16. **Plaintiff's Allegation:** The FDCPA prohibits a debt collector from doing the following: "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

    **Defendant's Answer:** The foregoing allegation contains conclusions of law and this Defendant is not obligated to respond thereto. To the extent Plaintiff is alleging Defendant violated the section of the FDCPA mentioned, the same is denied as untrue and Plaintiff is left to his strictest proofs.

17. **Plaintiff's Allegation:** Once it was communicated to Allied in the December 21, 2009 telephone conversation that Mr. Johnson disputed the debt, Allied was thereafter obligated, whenever communicating any information regarding the debt to the credit bureaus, Spectrum or anyone else, also to communicate that Mr. Johnson disputed the debt, even though Mr. Johnson had only disputed the debt orally and had not disputed the debt in writing. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998).

7

      **Defendant's Answer:** Admitted. Defendant Allied did, in fact, communicate that Plaintiff disputed the debts to the credit bureaus on its next-scheduled reporting date, being January 15, 2010, in the normal course of its business.

18. **Plaintiff's Allegation:** The Allied employee made false statements to Mr. Johnson in an effort to wrongfully coerce payment of a disputed debt.

    **Defendant's Answer:** Admitted that the Allied employee made a *bona fide* error in mistakenly telling the Plaintiff that he needed to put his dispute in writing. To the extent that Plaintiff is alleging deliberate dishonesty on the part of Allied's employee for any reason, the same is denied as untrue and Plaintiff is left to his strictest proofs.

19. **Plaintiff's Allegation:** When the Allied employee told Mr. Johnson that Allied was not obligated to communicate Mr. Johnson's dispute to the credit bureaus unless Mr. Johnson put his dispute in writing, the Allied employee knew or should have known that the law gives a consumer the right to orally dispute a debt for purposes of triggering a debt collector's obligation under 15 U.S.C. § 1692e(8).

    **Defendant's Answer:** Admitted that the employee knew the law gives a consumer the right to orally dispute a debt. Allied's employee has properly processed many oral disputes in the past. The employee made a *bona fide* error with respect to Plaintiff's call notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

20. **Plaintiff's Allegation:** In December 2009, Allied had a procedure in place to allow a consumer to dispute a debt by telephone.

    **Defendant's Answer:** Admitted.

21. **Plaintiff's Allegation:** Alternatively, in December 2009, Allied did not have a procedure in place to allow a consumer to dispute debt a debt by telephone.

    **Defendant's Answer:** Denied as untrue.

22. **Plaintiff's Allegation:** The statements made by the Allied employee were made wilfully.

    **Defendant's Answer:** Denied as untrue. Allied's employee made a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

23. **Plaintiff's Allegation:** As an actual and proximate result of the acts and omissions of defendant and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

    **Defendant's Answer:** Denied as untrue. Plaintiff is left to its strictest proofs.

## V.   Plaintiff's Claims for Relief

### Count 1– Fair Debt Collection Practices Act

24. **Plaintiff's Allegation:** Plaintiff incorporates the foregoing paragraphs by reference.

    **Defendant's Answer:** No Answer required.

25. **Plaintiff's Allegation:** Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or

attempted collection of a debt.

**Defendant's Answer:** Denied as untrue. Plaintiff is left to his strictest proofs.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### DEFENDANT'S REQUEST FOR RELIEF

Defendant Allied respectfully asks this Court for the following relief:

A. Dismiss Plaintiff's Complaint as it is entirely lacking in merit;

B. An award of any such other and further relief to which Defendant Allied may, in good conscience, be found to be entitled.

### Count 2– Michigan Occupational Code

26. **Plaintiff's Allegation:** Plaintiff incorporates the foregoing paragraphs by reference.

    **Defendant's Answer:** No Answer required.

27. **Plaintiff's Allegation:** Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c)   Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Defendant's Answer:** Denied as untrue in all parts. Plaintiff is left to his strictest proofs.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)   Equitable relief, requiring defendant when communicating information to any consumer reporting agency regarding the alleged debt, also to communicate that the debt is disputed, pursuant to M.C.L. § 339.916(1);

b)   Actual damages pursuant to M.C.L. § 339.916(2);

c)   Treble the actual damages pursuant to M.C.L. § 339.916(2);

d)   Statutory damages pursuant to M.C.L. § 339.916(2); and

e)   Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## DEFENDANT'S REQUEST FOR RELIEF

Defendant Allied respectfully asks this Court for the following relief:

A. Dismiss Plaintiff's Complaint as it is entirely lacking in merit;

B. Deny Defendant's request for equitable relief as it has been rendered moot by Allied's reporting of Defendant's dispute to the credit bureaus.

C. An award of any such other and further relief to which Defendant Allied may, in good conscience, be found to be entitled.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Defendant relies on Plaintiff's jury demand.

11

## **ADDITIONAL DEFENSES**

NOW COMES Defendant Allied Collection Services, Inc., by and through its undersigned attorney, to respectfully place the Plaintiff and this Court on notice that it reserves the right to avail itself of any or all of the following additional defenses:

- A. Plaintiff failed to state a claim against this Defendant upon which relief may be granted.

- B. Plaintiff has not suffered any damages.

- C. Plaintiff failed to mitigate any damages he may have suffered.

- D. Defendant Allied acted in good faith at all times.

- E. Defendant Allied did not, at any time relevant herein, deliberately make any false or misleading representation(s) to the Plaintiff or anyone else.

- F. At all times relevant herein, Defendant Allied acted in good faith reliance on information provided by Plaintiff's original creditor.

- G. Any violation of law, which is specifically denied, was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

- H. Defendant Allied utilized reasonable procedures regarding consumer reporting.

- I. Defendant Allied did not willfully or negligently violate any provision of the Federal Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Michigan Debt Collection Practices Act or the Michigan Occupational Code.

J. Plaintiff's Complaint violates 15 U.S.C. ¶1692k(a)(3) and Defendant Allied is entitled to an Order requiring Plaintiff to reimburse it for its actual attorney's fees so wrongfully incurred as a result of Plaintiff's violation.

K. Any and all Additional Defenses which may become apparent during the proceedings herein up to and including the date of trial.

Respectfully Submitted,

By: /s/ Richard J. Lobbes
Richard J. Lobbes (P47171)
Attorney for Defendant Allied Collection Services, Inc.
P.O. Box 107
Zeeland, MI 49464
(616) 772-6215
lobbes@zeelandlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2010, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of said filing to Counsel of Record.

By: /s/ Richard J. Lobbes
Richard J. Lobbes (P47171)
Attorney for Defendant Allied Collection Services, Inc.
P.O. Box 107
Zeeland, MI 49464
(616) 772-6215
lobbes@zeelandlegal.com